Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BARRY GREEN

                              Plaintiff                                   CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE JOSE MARRERO (SHEILD#03452)
SERGEANT PATRICK HENNESSY (SHEILD#04720)

                                                            VERIFIED COMPLAINT
                                                                JURY CLAIM
                                                             AS TO ALL COUNTS

                              Defendants

_____


**INTRODUCTION**

Barry Green ["Green"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1.  Violation of 42 U.S.C. 1983: False Arrest

2.  Violation of 42 U.S.C. 1983: False Imprisonment

3.  Violation of 42 U.S.C. 1983: Malicious Prosecution

4.  Intentional Infliction of Emotional Distress

5.  Violation of 42 U.S.C. 1983: Conspiracy

6.  Negligence

**JURISDICTION**

1.  Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Barry Green ["Green"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY")is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendants Detective Jose Marrero (hereinafter "Marrero") and Sergeant Patrick Hennessy (hereinafter "Hennessy") are employees of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. On June 4, 2011, at approximately 12:55a, Green was seated in the rear passenger seat of a legally parked vehicle (black Mercedes-Benz 4 door sedan) in the county of the Bronx in the vicinity of East 184th and Morris Avenue.

11. Upon realizing he ran out of cigarettes, Green stepped outside of the vehicle and entered into a nearby bodega to purchase a pack of cigarettes.

12. Upon purchasing the cigarettes, Green exited the bodega, speaking to no one but the man behind the cash register upon his purchase.

13. Green then re-entered the vehicle and the driver proceeded to pull out of the parking space.

14. Just as the vehicle attempted to pull out, a black unmarked minivan cut off the vehicle and two plain clothes males jumped out of the minivan with guns drawn pointed at the individuals in the vehicle including Green.

15. The then unidentified males were Defendants Hennessy and Marrero.

16. Specifically, Defendant Hennessy came to the car door where Green was seated with his gun drawn and yelled to Green "get the fuck out of the car!"

17. Unaware that Hennessy was a police officer, Green refused to get out of the car in fear for his safety.

18. Hennessy proceeded to then open the car door and drag Green out of the car by his jacket subjecting him to a full search.

19. Green was ultimately arrested and brought to the 46th Precinct in Bronx County.

20. Green was arraigned in Bronx Criminal Court and charged with felony level criminal possession of a weapon.

21. At the time of this arrest, Green was on parole for a previous felony. This factor, combined with other past criminal convictions, led to bail being set at arraignments in the amount of $50,000.00; an amount Green could not afford to pay.

22. Consequently Green remained incarcerated throughout the pendency of his criminal case (approximately 872 days).

23. Refusing to take a plea due to him believing his civil rights were violated, Green held the prosecution to their burden and on April 1, 3, 22nd and May 31, 2013 a Mapp/Dunaway hearing was held, and subsequently memorandum of law was submitted by both Defense and Prosecution.

24. On September 3, 2013 Hon. Robert A. Sackett issued his decision; stating that Hennessy and Marrero had "divergent testimonies in material facts related to the legality of defendant's arrest" that "cannot establish that the police acted lawfully".

25. Consequently Green's criminal case was dismissed on October 24, 2013 by Judge Sackett.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

26. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

28. Acting under color of law, Defendant's engaged in a denial of Green's rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

28. There was no probable cause for the June 4, 2011 arrest and incarceration of Green and as a result his constitutional rights were violated.

29. As a result of the Defendant's unlawful and malicious action Green was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355. In the instant matter, counsel would argue that the clear indication on the record that the People's witnesses at the aforementioned Mapp/Dunaway Hearing  was so divergent as to reveal the fact that there was truly no probable cause whatsoever to pull over, search and arrest Green. Thus, Hennessy's and Marrero's acts were clearly motivated by an indifference to Plaintiff's civil rights, as guaranteed by the United States Constitution and the Fourteenth Amendment therein.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31. As a result of the unlawful and malicious arrest of Green for which there was no probable cause, Green was incarcerated for 872 days without justification or consent, whereby Defendants deprived Green of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION**

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. Defendants, intentionally and maliciously, instituted and pursued a criminal action against Green that was brought without probable cause and was dismissed in Green's favor.

34. As a result of the concerted unlawful and malicious prosecution of Green, the Defendant's deprived Green of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. Defendants intentional and reckless conduct resulted in the extended incarceration of Mr. Green.

37. The failure of the Defendants to properly investigate the incident was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by Green due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

38. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of Green.

40. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

41. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

42. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

43. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-41 above, Plaintiff suffered loss of physical liberty, loss of income and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $5,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

44. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

46. Defendants breached that duty to Green when they arrested him for criminal possession of a weapon when there was, admittedly, no probable cause sufficient to support a finding that Green committed this, or any other, crime associated with this incident.

47. As a result of the breach, which were the actual and proximate cause of Green's injury, Green suffered harm and damages.

48. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,


Barry Green
By his attorney
February 7, 2014


_____

Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233


PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.


_____

BARRY GREEN

Subscribed and sworn to before me, this ___th day of February 2014


_____

Notary Public